IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE: PETITION APPLICATION | Case No.: 3:24-mc-00880-AN |
| | OPINION AND ORDER |

      Petitioners Xiuling Wei, Weiguo Wang, and Yipeng Wang request an order from this Court granting them leave to serve respondent Porkbun, LLC with a subpoena for production of documents and testimony for proceedings pending in the United Kingdom. Petition Application for an Order Under 28 U.S.C. § 1782 ("Petition"), ECF [1]. For the reasons set forth below, the Petition is GRANTED.

## LEGAL STANDARD

      A court may order a person residing or found in its district "to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation." 28 U.S.C. § 1782(a). The court may issue an order "upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court." *Id.* A district court is permitted, but not required, to issue an order providing judicial assistance in a foreign proceeding. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004).

      Although *ex parte* motions are generally disfavored, *Ayestas v. Davis*, 584 U.S. 28, 40-41 (2018) (citation omitted), they are acceptable pursuant to 28 U.S.C. § 1782 because there are procedural safeguards for witnesses, who may raise objections by filing a motion to quash a subpoena, *In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) ("Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte. The witnesses can and

1

have raised objections and exercised their due process rights by motions to quash the subpoenas.").

"Congress gave the federal district courts broad discretion to determine whether, and to what extent, to honor a request for assistance under 28 U.S.C. § 1782." *Four Pillars Enters. Co. v. Avery Dennison Corp.*, 308 F.3d 1075, 1078 (9th Cir. 2002) (citing *United States v. Sealed 1, Letter of Request for Legal Assistance from the Deputy Prosecutor Gen. of the Russian Fed'n*, 235 F.3d 1200, 1206 (9th Cir.2000)).  In exercising this discretion, courts generally look to four discretionary factors that are commonly referred to as the "*Intel* factors":

> "(1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad and the receptivity of the foreign government to U.S. federal-court assistance; (3) whether the discovery request is an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and, (4) whether the discovery request is unduly intrusive or burdensome."

*Husayn v. Mitchell*, 938 F.3d 1123, 1128 n.9 (9th Cir. 2019) (citing *Intel Corp.*, 542 U.S. at 264-65), *rev'd and remanded sub nom. United States v. Zubaydah*, 595 U.S. 195 (2022).

## BACKGROUND

Petitioners state that they are involved in legal proceedings in the United Kingdom related to a dispute between themselves and four unidentified persons who allegedly posted more than 30 defamatory posts on an internet domain for which Porkbun, LLC serves as the domain registrar.  In July 2023, petitioners filed a lawsuit in the United Kingdom against four defendants, including Porkbun, LLC, alleging claims for breach of privacy, fraud, harassment, and defamation.  Petitioners seek information from Porkbun, LLC that they believe will assist them in the legal proceedings, specifically by determining the identities of the persons who allegedly posted the defamatory posts.

## DISCUSSION

Petitioners' request satisfies the requirements of 28 U.S.C. § 1782.  Petitioners are interested persons; the request is made to the district in which Porkbun, LLC is found; and the request seeks the production of documents for use in a foreign proceeding.  *See* Petition 17.  Although petitioners have

submitted limited evidence[1] of the proceedings in the United Kingdom in the form of some court orders and emails that reflect or reference the alleged proceedings, the Court is persuaded that this meets the minimum requirements to demonstrate that the documents that petitioners seek will be used "in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation." 28 U.S.C. § 1782(a); *see In re Bouka*, 654 F. Supp. 3d 283, 288 (S.D.N.Y. 2023) (quoting *Intel Corp.*, 542 U.S. at 255) ("For evidence to be 'for use' under Section 1782, a party need not have 'formal "party" or "litigant" status' where it nevertheless possesses 'significant procedural rights,' such as the ability to 'submit . . . information in support of its allegations, and . . . seek judicial review.'").

Having met the statutory requirements, the Court may, at its discretion, issue an order permitting petitioners to serve the subpoena. Here, the four *Intel* factors weigh in favor of granting the request. As to the first factor, though Porkbun, LLC is named as a defendant in the proceedings taking place in the United Kingdom, Porkbun, LLC appears to have taken the position that the United Kingdom courts do not have jurisdiction over it. *See* Petition Ex. 5, ECF [1-1], at 98 (reference to ECF pagination). The second *Intel* factor "focuses on whether the foreign tribunal 'is willing to consider the information sought.'" *In re Application of Joint Stock Co. Raiffeinsenbank*, No. 16-mc-80203-MEJ, 2016 WL 6474224, at *5 (N.D. Cal. Nov. 2, 2016) (quoting *Siemens AG v. W. Digital Corp.*, No. 8:13-cv-01407-CAS-(AJWx), 2013 WL 5947973, at *3 (C.D. Cal. Nov. 4, 2013)). To determine if a foreign court would object to the discovery, "courts look for 'authoritative proof that a foreign tribunal would reject evidence obtained with the aid of § 1782.'" *Id.* (quoting *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995)). There is no indication that the United Kingdom would reject evidence obtained from a United States court pursuant to 28 U.S.C. § 1782. Regarding the third *Intel* factor, the Court has no reason to believe that petitioners are attempting to circumvent the United Kingdom's proof-gathering restrictions or policies. Finally, the proposed subpoena is not unduly intrusive or burdensome. The request is limited in scope to seeking the identifying information of the four individuals alleged to have made defamatory posts regarding

---

[1] The Court did not consider the untranslated exhibits or portions of exhibits to the Petition but, regardless, finds that the Petition contained sufficient evidence to support petitioners' request.

petitioners, which is relevant to the United Kingdom litigation and proportional to petitioners' needs. *See* Petition 18. Because the four *Intel* factors weigh in favor of granting petitioners' request, the Court exercises its discretion to grant petitioners leave to serve the subpoena.

## CONCLUSION

For the foregoing reasons, the Petition Application for an Order Under 28 U.S.C. § 1782, ECF [1], is GRANTED. Petitioners are directed to separately file a new copy of the proposed subpoena for the Court to so-order with a return date of at least twenty-one (21) days to allow Porkbun, LLC an opportunity to contest the subpoena.

IT IS SO ORDERED.

DATED this 8th day of October, 2024.

_____
Adrienne Nelson
United States District Judge